IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND DENYING** |
| | ) | **IN PART DEFENDANT'S MOTION IN LIMINE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Justin Robert Beston and | ) | |
| Chelsey P. Amyotte, | ) | Case No. 4:07-cr-109 |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Chelsey P. Amyotte's "Motion in Limine to Prohibit 404(b) Evidence" filed on August 29, 2008. See Docket No. 55. The Court grants in part and denies in part the motion for the reasons set forth below.

**I.    BACKGROUND**

On June 3, 2008, Amyotte was charged in a two-count indictment with murder in the second degree and assault resulting in serious bodily injury for the November 4, 2007, death of Danielle Baker. On August 29, 2008, Amyotte moved the Court to exclude evidence at trial that: (1) she fought with Crystal Smoke in Dunseith, North Dakota, a day or two prior to the death of Danielle Baker; and (2) she fought with a female juvenile at the Lake Region Law Enforcement Center subsequent to the date of Danielle Baker's death. Amyotte argues that the Government intends to admit the evidence to show that she had a propensity to get into fights and commit assaults.

**II.    STANDARD OF REVIEW**

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes,

wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b) does allow the admission of such evidence for purposes of "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." "Rule 404(b) 'is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination.'" United States v. Dorsey, 523 F.3d 878, 879 (8th Cir. 2008) (quoting United States v. Johnson, 439 F.3d 947, 952 (8th Cir. 2006)). "Rule 404(b) evidence is admissible if it is (1) relevant to a material issue, (2) close in time and similar in kind to the crime charged, (3) sufficient to support a jury finding that the defendant committed the other act, and (4) its probative value is not substantially outweighed by its prejudice." United States v. Roundtree, 534 F.3d 876, 879 (8th Cir. 2008). The Court has broad discretion in making evidentiary rulings, including rulings on the admissibility of prior wrongful acts. United States v. Bowman, 798 F.2d 333, 337 (8th Cir. 1986).

**III.    LEGAL DISCUSSION**

Amyotte moves the Court to exclude evidence that she allegedly fought with Crystal Smoke, a former girlfriend of co-defendant Justin Beston, in Dunseith, North Dakota, a day or two before Danielle Baker died. The Government contends that it seeks to admit this evidence to show that Amyotte was motivated to fight with Smoke, a former girlfriend of Beston, for the same reason that she assaulted Danielle Baker – jealousy. It appears to be undisputed that Amyotte and Beston were in a relationship at the time of Danielle Baker's death. The Court finds that the Government intends to admit the evidence to show proof of motive. First, the evidence is similar in kind and close in time to the crimes charged because both the evidence and the crimes charged involve an assault and

2

occurred within one or two days of each other. Second, the evidence is relevant to the material issue of whether Amyotte had a motive to assault and kill Danielle Baker. Third, the Government intends to prove by a preponderance of the evidence that Danielle fought with Smoke a day or two prior to the date of Danielle's Baker's assault and death. Fourth, because the evidence is so closely related in time and kind to the crimes charged, the probative value of the evidence outweighs its prejudicial effect. The Court finds that the Rule 404(b) evidence that Amyotte fought with Smoke is admissible and such evidence satisfies the Roundtree factors.

Amyotte also moves the Court to exclude evidence that she was allegedly in a fight with a female juvenile at the Lake Region Law Enforcement Center on April 24, 2008. The Government fails to establish that it intends to introduce this evidence for reasons other than to show action in conformity with the charged offenses. The Court finds that such evidence does not satisfy the Roundtree factors and that Rule 403 considerations warrant its exclusion at trial. The alleged fight at the Lake Region Law Enforcement Center is not close in time to the crimes charged because it occurred in jail more than five months after Danielle Baker's assault and death. Further, the evidence is not similar in kind with the crimes charged because fights among inmates are not uncommon in jails. Therefore, the Court finds that the probative value of the evidence is substantially outweighed by its prejudicial effect. Accordingly, evidence that Amyotte was involved in a fight at the Lake Region Law Enforcement Center after the death and assault of Danielle Baker is inadmissible.

### III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion (Docket No. 55).

**IT IS SO ORDERED.**

Dated this 5th day of September, 2008.

                                            */s/  Daniel L. Hovland*
                                            Daniel L. Hovland, Chief Judge
                                            United States District Court